IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTINE SCHENK, individually and as dependent administrator of, and on behalf of, STANLEY SCHENK individually, the ESTATE OF NATHAN ALEXANDER SCHENK, and NATHAN ALEXANDER'S heirs-at-law; and JENNIFER JACOPS-SCHENK, individually, | § § § § § § § § | Civil Action No. 4:20-cv-03799 |
| | § | JURY DEMANDED |
| Plaintiffs, | § | |
| v. | § § | |
| CITY OF PASADENA, TEXAS, and RIGOBERTO R. SALDIVAR | § § | |
| | § | |
| Defendants. | § § | |

DEFENDANTS CITY'S AND SALDIVAR'S DEFENSES, ANSWER AND JURY DEMAND

Defendants City of Pasadena, Texas, and Officer Rigoberto R. Saldivar serve and file their defenses, answer, and request for jury trial in response to Plaintiffs' complaint [Doc. 1].

FIRST DEFENSE

1.     Plaintiffs fail to state a plausible claim upon which relief may be granted.

SECOND DEFENSE

2.     Officer Saldivar is protected from suit and liability by qualified immunity.

THIRD DEFENSE

3.     Nathan Alexander Schenk's conduct was the sole cause of the occurrence which forms the basis of this lawsuit, Plaintiffs' alleged harm, and Plaintiffs' claimed damage.

FOURTH DEFENSE

4.     Plaintiffs' failed to use reasonable diligence to mitigate claimed damages.

FIFTH DEFENSE

5.      No Plaintiff has established standing, capacity, or authority to assert a claim or obtain

damages in representative and/or individual capacity.

SIXTH DEFENSE

6.      Officer Saldivar asserts his rights under the Fourteenth Amendment to the United States

Constitution and maintains that punitive damages are unconstitutional in this case to the extent

they are assessed:

      a.      In an amount left to the discretion of the judge and/or jury;

      b.      In any decision representing less than a unanimous verdict;

      c.      Where underlying culpability is not assessed upon a finding of guilt beyond a
         reasonable doubt; and/or

      d.      Where the standard of guilt is not clearly defined.

ANSWER

7.      Subject to the foregoing, Defendants answer Plaintiffs' claims and allegations consistent

with FED. R. CIV. P. 8(b), under which Defendants deny every claim, and Defendants deny each

allegation in Plaintiffs' complaint except those Defendants expressly admit herein.

8.      Defendants deny the allegations on pages 1-2, and ¶¶ 7, 10, 42-74 of Plaintiffs'

complaint.

9.      Defendants lack sufficient knowledge and information to form a belief as to the truth of

¶¶ 1, 2, of Plaintiffs' complaint so Defendants deny these allegations.

10.     The City is a local governmental unit under Texas law. Defendants deny the other

allegations in ¶ 3 of Plaintiffs' complaint.

11.     Officer Saldivar herein makes an appearance in this case. Plaintiffs sued Officer Saldivar

based upon his performance of duties within the general scope of his police office or

employment by the City of Pasadena, under color of law of the State of Texas, in objective good faith and within the proper scope of discretionary authority as a Texas municipal peace officer. Defendants deny the other allegations in ¶ 4 of Plaintiffs' complaint.

12.     Jurisdiction and venue are proper in this Court. Defendants deny the other allegations in ¶¶ 5-6 of Plaintiffs' complaint.

13.     Decedent Nathan Schenk was born in 1983 and died at 34 years of age. Defendants deny the other allegations in ¶ 8 of Plaintiffs' complaint.

14.     On November 21, 2018, Officer Saldivar observed and recorded Schenk drove past a stop sign without stopping. Officer Saldivar, driving a Pasadena patrol vehicle, directed Schenk to stop the vehicle he was driving. Schenk exited the vehicle and fled on foot from Officer Saldivar. Officer Saldivar deployed his Taser but it was ineffective in establishing control of Schenk. Schenk used force against Officer Saldivar and Schenk physically resisted arrest. Defendants deny the other allegations in ¶¶ 9 of Plaintiffs' complaint.

15.     Schenk's violent actions posed an imminent serious threat to Officer Saldivar's safety so he shot Schenk to stop Schenk's threatening actions. Defendants deny the other allegations in ¶¶ 11-12 of Plaintiffs' complaint.

16.     Medical examiners employed by the Harris County Institute of Forensic Sciences performed an autopsy and memorialized their opinions in a report. The entire report provides the most reliable presentation of the content of the reported information. Defendants deny the other allegations in ¶¶ 13-18 of Plaintiffs' complaint.

17.     A police officer prepared and submitted a report to the Texas Attorney general's Office. The entire report provides the most reliable presentation of the content of the reported information. Defendants deny the other allegations in ¶¶ 19-22 of Plaintiffs' complaint.

18.     After thoroughly documenting and investigating the occurrences which form the basis of this lawsuit, investigators employed by the Pasadena police department and the Harris County District Attorney's Office, and Assistant District Attorneys determined that Officer Saldivar's action was justified. The entire report, and exhibits thereto including statements, provides the most reliable presentation of the content of the reported information. Defendants deny the other allegations in ¶¶ 23-36 of Plaintiffs' complaint.

19.     Officer is licensed as a peace officer by the State of Texas through the Texas Commission on Law Enforcement, who has received extensive training through instruction approved by the Texas Commission on Law Enforcement. Defendants deny the other allegations in ¶¶ 37-41 of Plaintiffs' complaint.

REQUEST FOR JURY TRIAL

20.     Defendants assert the right to trial by jury on all issues in accordance with FED. R. CIV. P. 38.

PRAYER

21.     Defendants City of Pasadena, Texas and Officer Saldivar pray they be released, discharged, and acquitted of all charges, allegations, and claims filed against them, that judgment be rendered in Defendants' favor, either prior to or at the conclusion of a trial, that Plaintiffs take nothing by reason of this suit, and that Defendants recover all costs of court and attorney's fees incurred in defending against the Plaintiffs' claims, as well as other relief to which Defendants are justly entitled in law and equity.

Respectfully submitted,

/s/ *Norman Ray Giles*
William S. Helfand
Attorney-in-Charge
SBOT: 09388250
Southern District of Texas Bar No. 8791

Norman Ray Giles
SBOT: 24014084
Southern District of Texas Bar No. 26966

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas, 77046
(713) 659-6767
(713) 759-6830 (Fax)
ATTORNEYS FOR DEFENDANTS
City of Pasadena, Texas
Officer Rigoberto R. Saldivar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 10th day of December, 2020.

T. Dean Malone
dean@deanmalone.com
Michael T. O'Connor
Kristen Leigh Homyk
kristen.homyk@deanmalone.com
Law Offices of Dean Malone, P.C.
900 Lake Jackson Street, Suite 730
Dallas, Texas 75202
*Attorneys for Plaintiffs*

*/s/ Norman Ray Giles*